No. 24-50128

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

LEAGUE OF UNITED LATIN AMERICAN CITIZENS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; MI FAMILIA VOTA; AMERICAN GI FORUM OF TEXAS; LA UNION DEL PUEBLO ENTERO; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; WILLIAM C. VELASQUEZ INSTITUTE; FIEL HOUSTON, INCORPORATED; TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS; EMELDA MENENDEZ; GILBERTO MENENDEZ; JOSE OLIVARES; FLORINDA CHAVEZ; JOEY CARDENAS; PROYECTO AZTECA; REFORM IMMIGRATION FOR TEXAS ALLIANCE; WORKERS DEFENSE PROJECT; PAULITA SANCHEZ; JO ANN ACEVEDO; DAVID LOPEZ; DIANA MARTINEZ ALEXANDER; JEANDRA ORTIZ,

*Plaintiffs – Appellants*

v.

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS,

*Defendant – Appellee*

_____

Appeal from the United States District Court for the
Western District of Texas, El Paso Division
_____

PLAINTIFFS-APPELLANTS' UNOPPOSED MOTION TO CONSOLIDATE APPEALS, RESET BRIEFING DEADLINES AND STAY BRIEFING DEADLINES PENDING AN ORDER ON THIS MOTION
_____

Plaintiffs-Appellants League of United Latin American Citizens, *et al.*[1] respectfully request that the Court consolidate this appeal with their appeal noticed today of a closely-related order of the district court. *See* ECF 782 and 784. Because Plaintiffs-Appellants' opening brief is due on June 12, 2024, Plaintiffs-Appellants request that the Court reset the briefing deadlines to permit consolidated briefing of the issues on appeal. Plaintiffs-Appellants further request, pursuant to 5th Cir. R. 27.1.3, that the Court stay current deadlines pending its decision on consolidation and the briefing schedule. Defendants-Appellees Governor Greg Abbott, *et al.*, ("State Defendants"), and Appellees third party movants ("Texas legislators") do not oppose this motion. Plaintiff-Appellee the United States takes no position.

Background

This is a challenge to the statewide redistricting plans enacted by Texas following the 2020 census. Plaintiffs, including individual voters, non-profit

---

[1] Appellants are: League of United Latin American Citizens, Southwest Voter Registration Education Project, Mi Familia Vota, American GI Forum, La Union Del Pueblo Entero, Mexican American Bar Association of Texas, Texas Hispanics Organized For Political Education, William C. Velasquez Institute, Fiel Houston, Inc., Texas Association of Latino Administrators and Superintendents, Proyecto Azteca, Reform Immigration for Texas Alliance, Workers Defense Project, Emelda Menendez, Gilberto Menendez, Jose Olivares, Florida Chavez, Joey Cardenas, Paulita Sanchez, Jo Ann Acevedo, David Lopez, Diana Martinez Alexander, and Jeandra Ortiz.

organizations and the United States, allege that the redistricting plans violate the federal Voting Rights Act and the United States Constitution.

Early in the discovery process, the parties disputed whether, in light of the legislative privilege, Texas legislators and others were required to provide documents and deposition testimony in response to discovery requests by the plaintiffs. In response, the district court ordered that Texas legislators and others who assert the legislative privilege must provide privilege logs for responsive documents and provide deposition testimony under seal, and ordered that the plaintiffs should move to compel the documents or "unseal" the deposition testimony that they sought to use in the case. ECF 282. The parties followed this procedure and Plaintiffs-Appellants filed a number of opposed motions to compel or unseal in the district court.

Following briefing, in two related orders ("legislative privilege orders"), the district court granted in part and denied in part Plaintiffs-Appellants' motions and ruled that most of the contested information was protected by the legislative privilege and could not be compelled. *See* ECF 746 and 782. Plaintiffs-Appellants appealed both legislative privilege orders. Plaintiffs-Appellants' interlocutory appeal of ECF 746 is docketed in the Fifth Circuit as No. 24-50128 and Plaintiffs-Appellants' opening brief is due June 12, 2024. The district court issued the second of the legislative privilege orders yesterday and Plaintiffs-Appellants filed

their Notice of Appeal today. *See* ECF 784 and district court's Notice, June 4, 2024.

### Both Appeals Present the Same Legal Issues

Both legislative privilege orders rely on the same analysis and are based on the same legal reasoning with respect to the scope of the legislative privilege, how the privilege may be waived, and whether the privilege yields in this voting rights case. *See* ECF 746 and 782. The first order disposes of 17 pending motions involving assertions of the legislative privilege, and notes that "this order does not resolve the privilege objections contained in [the motion resolved by ECF 782]." *See* ECF 746 at 17. The second order disposes of two additional motions involving assertions of the legislative privilege, relies on and incorporates the first order, and includes only two pages of discussion. *See* ECF 782 at 1-2 ("So, the rulings regarding the legislative privilege contained in [ECF 746] remain applicable to the parties' instant dispute. *See id.* We therefore incorporate those rulings[.]").

The legislative privilege orders present the same issues on appeal, including but not limited to whether the district court erred in its conclusions regarding: when and which third parties outside the Legislature are covered by the legislative privilege, whether and when public information is legislatively privileged, whether the legislative privilege is limited to certain time periods within the legislative

4

process, when the legislative privileged is waived, and whether this case presents extraordinary circumstances under which the legislative privilege must yield.

The facts in the two legislative privilege orders also overlap. The first order, ECF 746, addresses in part whether various Texas legislators can assert the legislative privilege over their or others' dealings with the National Republican Redistricting Trust ("NRRT"), its lawyer Chris Gober and its executive director Adam Kincaid. Similarly, the second order, ECF 782, which considers legislative privilege objections asserted during the depositions of the NRRT and Mr. Kincaid, also addresses whether various Texas legislators can assert the legislative privilege over their or others' dealings with the NRRT, Mr. Gober and Mr. Kincaid.

Consolidation will promote efficiency by allowing the parties to file briefs on appeal that address both of the legislative privilege orders and by permitting the Court to issue one decision instead of two on the same issues in the same case.

Request for Relief

Because the legislative privilege orders are closely-related and present the same issues on appeal, Appellants respectfully request that the Court consolidate this case with the appeal of ECF 782. *See* ECF 784 and district court's Notice, June 4, 2024.

Plaintiffs request that the Court reset the briefing deadlines such that Appellant's brief and record excerpts in the consolidated appeals are due within 40

days of the date of consolidation. Appellants further request, pursuant to 5th Cir. R. 27.1.3, that the Court stay current deadlines pending its decision on this motion.

Appellants contacted counsel for the other parties in this appeal, including Defendants-Appellees and Appellees Texas legislators, to request their position on this motion. Defendants-Appellees and Appellees Texas legislators responded that they do not oppose this motion. Plaintiff-Appellee the United States responded that it takes no position. Appellants also notified counsel for the following non-parties-non-movants of this motion: Adam Kincaid, the National Republican Redistricting Trust and Chris Gober.

Dated: June 4, 2024

Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Mexican American Legal
Defense and Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
nperales@maldef.org

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 4th day of June 2024, by using the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the appellate CM/ECF system.

          */s/ Nina Perales*
          Nina Perales
          MEXICAN AMERICAN LEGAL
          DEFENSE & EDUCATIONAL FUND
          110 Broadway Street
          San Antonio, TX 78205
          (210) 224-5476

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the volume limitation provided in Fed. R. App. P. 32(a)(7)(B), in that it contains 981 words, excluding parts of the brief exempted under Fed. R. App. P. 32(f), according to the word-count feature of Microsoft Word. I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font, size 14 point.

Dated: June 4, 2024                                        */s/ Nina Perales*
                                                                Nina Perales